3015-1 Model13Plan 1-2026

# United States Bankruptcy Court
## Southern  District of Indiana

In re   Laura Lea Zabst _____    Case No.   25-03782-JJG
                                    Debtor(s)          Chapter    13

# CHAPTER 13 PLAN

☐ Original

Amended Plan # _2_ (e.g. 1ˢᵗ, 2ⁿᵈ)

***MUST BE DESIGNATED***

## 1. NOTICE TO INTERESTED PARTIES:

The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included", if neither box is checked, or if both boxes are checked, the provision will be ineffective if set out later in the plan.

**1.1 A limit on the amount of a secured claim, pursuant to paragraph 8(c), which may result in a partial payment or no payment at all to the secured creditor.**   ☐ Included   ☒ Not Included

**1.2 Avoidance of a judicial lien or nonpossessory, non-purchase money security interest. Any lien avoidance shall occur by separate motion or proceeding, pursuant to paragraph 12.**   ☒ Included   ☐ Not Included

**1.3 Nonstandard provisions, set out in paragraph 15.**   ☒ Included   ☐ Not Included

## 2.  GENERAL PROVISIONS:

**(a)    Your Rights May be Affected:**  Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Court.

**(b)    Proofs of Claim:**

(1) You must file a proof of claim to receive distributions under the plan.

(2) Absent a Court order determining the amount of the secured claim, the filed proof of claim shall control as to the determination of pre-petition arrearages, secured and priority tax liabilities, other priority claims, and the amount required to satisfy an offer of payment in full.

(3) All claims that are secured by a security interest in real estate shall comply with the requirements of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(C).

(4) If the plan proposes to pay a claim as secured and the creditor files an unsecured claim, the claim shall be paid as unsecured, and consistent with 11 U.S.C. § 506(d), shall render the creditor's lien or security interest void upon entry of a discharge order under 11 U.S.C. § 1328.

**(c)    Notices Relating to Mortgages:**  As required by Local Rule B-3002.1-1, all creditors with claims secured by a security interest in real estate shall comply with the requirements of FRBP 3002.1(b) and (c) without regard to whether the real estate is the Debtor's principal residence. If there is a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Court and serve upon the Debtor, Debtor's counsel and the Chapter 13 Trustee ("Trustee") a Notice setting forth the change and providing the name of the new servicer, the payment address, a contact phone number and a contact e-mail address.

**(d)    Notices (Other than those Relating to Mortgages):**  Non-mortgage creditors in Section 8(c) (whose rights are not being modified) or in Section 11 (whose executory contracts/ unexpired leases are being assumed) may continue to mail customary notices or coupons to the Debtor or the Trustee notwithstanding the automatic stay.

**(e)    Equal Monthly Payments:** As to payments required by paragraphs 7 and 8, the Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The Trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

1

3015-1 Model13Plan 1-2026

**(f)      Payments Following Entry of Orders Lifting Stay:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as a timely amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

**3.  SUBMISSION OF INCOME:** Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the Debtor as is necessary for the execution of this plan.

**4. PLAN TERMS:**
**(a) Payment and Length of Plan:** Debtor shall pay $ **17,400.00 through March 2026 (9 months); then starting April 2026, she will pay $4,300.00 per month for an additional 7 months ($30,100.00); then starting November 2026, she will pay $7,603.00 per month for 44 months ($334,532.00) for a total 5 year plan base of $382,032.00** to the Trustee, starting not later than 30 days after the order for relief.
Additional payments to Trustee and/or future changes to the periodic amount proposed are:

| None. |
|---|

**(b) Increased Funding:** If additional property comes into the estate pursuant to 11 U.S.C. §1306(a)(1) or if the Trustee discovers undisclosed property of the estate, then the Trustee may obtain such property or its proceeds to increase the total amount to be paid under the plan. However, if the Trustee elects to take less than 100% of the property to which the estate may be entitled OR less than the amount necessary to pay all allowed claims in full, then a motion will be filed, and appropriate notice given.

**(c) Curing Defaults:** If Debtor falls behind on plan payments or if changes to the payments owed to secured lenders require additional funds from the Debtor's income, the Debtor and the Trustee may agree that the Debtor will increase the periodic payment amount or that the time period for making payments will be extended, not to exceed 60 months. Creditors will not receive notice of any such agreement unless the total amount that the Debtor will pay to the Trustee decreases. Any party may request in writing, addressed to the Trustee at the address shown on the notice of the meeting of creditors, that the Trustee give that party notice of any such agreement. Agreements under this section cannot extend the term of the plan more than 6 additional months.

**(d) Other Plan Changes:** Any other modification of the plan shall be proposed by motion pursuant to 11 U.S.C. §1329. Service of any motion to modify this plan shall be made by the moving party as required by FRBP 2002(a)(5) and 3015(h), unless otherwise ordered by the Court.

**5.  PAYMENT OF ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**

☐ None

All allowed administrative claims will be paid in full by the Trustee unless the creditor agrees otherwise.

| Creditor | Type of Claim | Scheduled Amount |
|---|---|---|
| **Mark Zuckerberg** | **Attorney Fees** | **$3,383.00 + $500.00 for adversary litigation** |

**6.  PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:**

**(a) Ongoing Domestic Support Obligations**:
☒ None

Debtor shall make any Domestic Support Obligation payments that are due after the filing of the case under a Domestic Support Order directly to the following payee:

| Creditor | Type of Claim | Payment Amount |
|---|---|---|

**(b) Domestic Support Obligation Arrears:**

☒ None

The following arrearages on Domestic Support Obligations will be paid in the manner specified.

2

3015-1 Model13Plan 1-2026

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|

**7. PAYMENT OF MORTGAGES RELATING SOLELY TO THE DEBTOR'S PRINCIPAL RESIDENCE:**

☐ None

**(a) Claims Covered:** Only consensual mortgages on the principal residence are treated under this paragraph. All other secured claims should be treated under paragraph 8.

**(b) Pre-Petition Arrearage and Post-Petition Fees:** Any allowed "pre-petition arrearage" indicated in Part 3 of Official Form 410A and any allowed post-petition costs, fees, and charges asserted by the mortgage creditor under FRBP 3002.1 shall be paid by the Trustee.

**(c) Conduit Mortgage:** As required by Local Rule B-3015-1(e), if the pre-petition arrearage includes more than one monthly mortgage payment on a mortgage secured by the Debtor's principal residence, exclusive of projected escrow shortages and fees, then the post-petition mortgage installments shall be made through the Trustee conduit.

**(d) Treatment:** The trustee will not distribute payments to the mortgage creditor until after confirmation of the plan and an allowed claim for the mortgage creditor is on file, unless the Court orders otherwise. After confirmation, payment shall be as set forth below. Equal Monthly Amount and Estimated Arrears listed below shall be adjusted based on the filed claim and/or notice.

| Creditor | Residential Address | Estimated Arrears | Equal Monthly Amount | Mortgage Treatment |
|---|---|---|---|---|
| **Everwise Credit Union** | **3002 Timber Valley Dr, Kokomo, IN 46902** | **$44,819.00** | **$3,781.00** | **Trustee Pay** |

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless such creditor has filed a notice pursuant to FRBP 3002.1 or the Court orders otherwise.**

**(e) Escrow Surplus:** An escrow surplus arising as to a mortgage paid by the Trustee shall be returned to the Trustee by the mortgage lender or servicer within 30 days of the completion of an annual escrow analysis or other review that determines a surplus. The Trustee shall file and serve on the Debtor and claimants a Notice of Proposed Distribution of the escrow surplus, provide a 30-day Objection Notice and file a Certificate of Service. If no response is timely filed, the Trustee may treat the escrow surplus as set forth in the Notice of Proposed Distribution.

**8. PAYMENT OF SECURED CLAIMS OTHER THAN CLAIMS TREATED UNDER PARAGRAPH 7:**

**(a) Claims Covered**: Secured claims not treated under paragraph 7 are treated under this paragraph, including but not limited to delinquent real estate taxes; homeowners' association or similar dues with secured status; sewer liens, and judgment liens that are not being fully avoided under paragraph 12. Claims secured by personal property are treated in subparagraphs (b) and (c). Treatment of other secured claims is provided for in subparagraph (d). Interest that accrues from the petition date through plan confirmation will not be paid on secured claims, unless the Court orders otherwise.

**(b) Claims Secured by Personal Property as to Which 11 U.S.C. § 506 Valuation Is Not Applicable:**

☒ None

Pursuant to Local Rule B-3015-1(c), and unless otherwise ordered by the Court, prior to plan confirmation, allowed claims secured by personal property as to which valuation under 11 U.S.C. § 506 is not applicable, the Trustee shall pay monthly adequate protection payments equal to 1% of the allowed secured claim. The Trustee shall disburse such adequate protection payments to the holders of allowed claims secured by personal property as soon as practicable after receiving plan payments from the Debtor, and the secured claim will be reduced accordingly. After confirmation of the plan, unless otherwise provided in paragraph 15, the Trustee will pay to the holder of each allowed secured claim the filed claim amount with interest at the rate stated below.

| Creditor | Collateral | Purchase Date | Estimated Claims Amount | Interest Rate | Equal Monthly Amount |
|---|---|---|---|---|---|

3

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

**(c) Claims Secured by Personal Property as to Which 11 U.S.C. § 506 Valuation Is Applicable:**

☒ None

Pursuant to Local Rule B-3015-1(c), and unless otherwise ordered by the Court, prior to plan confirmation as to allowed claims secured by personal property not treated under subparagraph (d) but as to which 11 U.S.C. § 506 valuation is applicable, the Trustee shall pay monthly adequate protection payments equal to 1% of the allowed secured claim. The Trustee shall disburse such adequate protection payments to the secured creditor as soon as practicable after receiving plan payments from the Debtor, and the secured claim will be reduced accordingly. After confirmation of the plan, unless otherwise provided in paragraph 15, the Trustee will pay to the holder of each allowed secured claim in the manner set forth below.

| Creditor | Collateral | Purchase Date | Scheduled Debt | Value | Interest Rate | Equal Monthly Amount |
|---|---|---|---|---|---|---|
| | | | | | | |

**(d) Payments of Other Secured Claims:**

☐ None

This subparagraph applies to claims secured by real estate not covered in paragraph 7 and to claims secured by personal property not covered in subparagraphs (b) or (c) above. Such claims, including those not subject to a monthly payment amount established before filing, shall be paid as specified below. (When completing the chart, if a column is not applicable, enter 'n/a').

| Creditor | Collateral/Type of Debt | Date Incurred | Estimated Arrears | Interest Rate | Equal Monthly Amount | Treatment |
|---|---|---|---|---|---|---|
| **GM Financial/ ACAR leasing** | **2023 GMC Yukon** | **Prior to filing** | **$1,383.00** | **n/a** | **$1,360.00** | **Trustee to pay arrears; Debtor to make direct post petition payments until lease ends** |
| **GM Financial/ ACAR leasing** | **2024 Buick Encore** | **Prior to filing** | **$567.00** | **n/a** | **$560.00** | **Trustee to pay arrears; Debtor to make direct post petition payments until lease ends** |

**(e) Surrendered/Abandoned Collateral:**

☒ None

The Debtor intends to surrender the following collateral. Upon confirmation, the Chapter 13 estate abandons any interest in, and the automatic stay pursuant to 11 U.S.C. § 362 is terminated as to, the listed collateral and the automatic stay pursuant to 11 U.S.C. §1301 is terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in paragraph 10(b) below. Upon confirmation, the secured creditor is free to pursue its *in rem* rights.

| Creditor | Collateral | Surrendered/Abandoned | Scheduled Value |
|---|---|---|---|
| | | | |

**9. SECURED TAX CLAIMS AND 11 U.S.C. § 507 PRIORITY CLAIMS:**

☐ None

All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise.

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |
|---|---|---|---|
| **Internal Revenue Service** | **11 U.S.C. 507(a)(8)** | **$68,621.00** | **Paid through  trustee conduit** |
| **Indiana Department of Revenue** | **11 U.S.C. 507(a)(8)** | **$0.00** | |

4

3015-1 Model13Plan 1-2026

**10. <u>NON-PRIORITY UNSECURED CLAIMS:</u>**

    **(a) Separately Classified or Long-term Debts:**

    ☐ None

| Creditor | Basis for Classification | Treatment | Amount | Interest |
|---|---|---|---|---|
| **Dept of Education** | **Student Loans** | **Pay outside the plan, direct by debtor** | **unk** | **unk** |

    **(b)    General Unsecured Claims:**
       X  **Pro rata distribution from any remaining funds; or**
       __ **Other:** __

**11. <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES:</u>**

All executory contracts and unexpired leases are REJECTED, except the following, which are assumed.

| Creditor | Property Description |
|---|---|
| **Gm Financial/ACAR** | **Auto Lease** |
| **Gm Financial/ACAR** | **Lease** |

**12. <u>PARTIAL OR COMPLETE AVOIDANCE OF LIENS:</u>**

☐ None

Debtor will file a separate motion or adversary proceeding to avoid in whole or in part the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions:

| Creditor | Collateral/Property Description | Basis for Avoidance |
|---|---|---|
| **Everwise Credit Union** | **3002 Timber Valley Dr., Kokomo** | **Strip wholly unsecured lien** |

**13. <u>LIEN RETENTION:</u>**
With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) entry of a discharge order under 11 U.S.C. § 1328.

**14. <u>VESTING OF PROPERTY OF THE ESTATE:</u>**
Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the Debtor upon confirmation of the Debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the Debtor post-petition pursuant to operation of 11 U.S.C. § 1306.

**15. <u>NONSTANDARD PROVISIONS:</u>**

☐ None

Under FRBP 3015(c), nonstandard provisions are required to be set forth below. Any nonstandard provision placed elsewhere in the plan is void. These plan provisions will be effective only if the included box in Paragraph 1.3 of this plan is checked.

**Debtor acknowledges that the plan must extend for 60 months, and shall not be modified to less than 60 months.**

**Debtor will provide copies of her federal tax returns annually to permit the trustee to monitor income.  Such turnover shall begin with tax year 2026, and returns will be provided to the trustee on or before May 1, 2027, and annually thereafter.**

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com           Best Case Bankruptcy

3015-1 Model13Plan 1-2026

Date: April 9, 2026

/s/ Laura Lea Zabst
Signature of Debtor
Laura Lea Zabst
Printed Name of Debtor

/s/ Mark Zuckerberg
Mark Zuckerberg
Signature of Attorney for Debtor(s)

| | |
|---:|:---|
| Address: | 429 N. Pennsylvania St., #100 |
| City, State, ZIP : | Indianapolis, IN 46204 |
| Area code and phone: | (317) 687-0000 |
| Area code and fax: | (317) 687-5151 |
| E-mail address: | filings@mszlaw.com |

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form plan adopted by this Court, other than any nonstandard provisions included in paragraph 15.

6

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy