**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE:<br>LAURA LEA ZABST<br>3002 Timber Valley Dr.<br>Kokomo, Indiana 46902,<br><br>Debtor. | CASE NO. 25-03782-JJG<br><br>Chapter 7 |

## ***MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY, WAIVER OF 11 U.S.C. Sec. 362(e) REGARDING PRELIMINARY AND FINAL HEARING AND NOTICE OF OBJECTION DEADLINE)***

Creditor, Everwise Credit Union (hereinafter "ECU"), for its Motion for Relief from Automatic Stay and Abandonment of Property and Notice of Objection Deadline ("Motion"), hereby moves the Court, pursuant to 11 U.S.C. § 362(d) and § 554, to lift the automatic stay and abandon the following real estate located at 3002 Timber Valley Dr., Kokomo, Indiana 46902, more particularly described as follows, from the estate:

> Lot Number Forty (40) and Lot Number Forty-one (41), in Timber Valley of Woodhaven, Section One (1), an addition to Harrison Township, Howard County, Indiana, as shown in Recorder's Plat Book 9, page 246
>
> hereinafter referred to as the "Real Estate".

In support of the Motion, ECU states as follows:

1. The Debtor filed a Chapter 13 case on June 27, 2025 (the "Petition Date"), which was converted to a Chapter 7 case on September 16, 2026.

2. As of the Petition Date, ECU held a claim against the Debtor secured by the Real Estate.

3. The Debtor pledged the Real Estate to secure a Promissory Note dated March 14, 2022 and made payable to ECU in the original principal sum of $568,000.00 (the "First Note"), a copy of which is attached hereto as Exhibit "A".

4. ECU perfected its interest in the Real Estate under the First Note by way of a First Mortgage dated March 14, 2022, and recorded May 13, 2021 in the Office of the Recorder of Howard County, Indiana, as Instrument #A202100063069, a copy of which is attached hereto as Exhibit "B". The First Mortgage was modified via Loan Modification Agreement executed on July 1, 2024, and recorded July 11, 2024 in the Office of the Recorder of Howard County, Indiana as Instrument Number 2434009860. A true and accurate copy of the Loan Modification Agreement is attached hereto as Exhibit "C".

5. As of November 4, 2026, the outstanding principal balance due under the First Note attached hereto as Exhibit "A" is $634,173.85, plus costs of collection and attorney fees.

6. The Debtor also pledged the Real Estate to secure a second Promissory Note (the "Second Note") dated October 14, 2023 and made payable to ECU in the original principal sum of $74,200.00, a copy of which is attached hereto as Exhibit "D".

7. ECU perfected its interest in the Real Estate under the Second Note by way of a Second Mortgage dated October 14, 2023, and recorded on October 19, 2023 in the Office of the Recorder of Howard County, Indiana as Instrument #2334014452, a copy of which is attached hereto as Exhibit "E".

8. As of November 4, 2026, the outstanding principal balance due under the Second Note attached hereto as Exhibit "D" is $85,729.69, plus costs of collection and attorney fees.

9. The Debtor has failed to make payments as required under the Notes and Mortgage, and ECU has accelerated its right under the same to accelerate all indebtedness, and

the entire unpaid balance owing is now due and payable in its entirety, including accrued and accruing interest and late fees, together with ECU's expenses, costs of collection and attorney's fees, all without relief from valuation and appraisement laws.

10. The last payment received under the First Note was received on June 3, 2026 in the amount of $3,564.54. The last payment received under the Second Note was received on October 18, 2024 in the amount of $715.23. The current delinquent amount under the First Note is $85,580.42; the current delinquent amount under the Second Note is $19,353.49.

11. The estimated value of the Real Estate is $336,000.00.

12. The Real Estate is burdensome to the estate or is of inconsequential value and benefit to the estate, and there is no equity in the Real Estate. Cause exists to lift the automatic stay as the delay in payments is prejudicial to ECU, and the Real Estate is not necessary for the Debtor's effective reorganization. The interest of ECU in the Real Estate is not being adequately protected during the pendency of this bankruptcy proceeding.

13. According to the Debtor's Statement of Intention filed herein, she intends to surrender the Real Estate. The Real Estate has not to date been surrendered to ECU by the Debtor.

## NOTICE

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to enter an order affecting the property, or if you want the Court to consider your views on the Motion, then on or before November 20, 2026, you or your attorney must file with the Court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

Clerk, United States Bankruptcy Court

116 U.S. Courthouse
46 East Ohio Street
Indianapolis, Indiana 46204

If you mail your objection to the Court, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also send a copy of your objection to:

Michael A. Trippel, Esq.
Attorney for Everwise Credit Union
THORNE • GRODNIK, LLP
P.O. Box 1210
Mishawaka, IN 46546-1210

Mark S. Zuckerberg
Law Office of Mark S. Zuckerberg, P.C.
429 N. Pennsylvania St., Ste. 100
Indianapolis, Indiana 46204

Sarah Fowler, Chapter 7 Trustee
101 W. Ohio St., Ste. 1700
Indianapolis, Indiana 46204

If you or your attorney do not take these steps, the Court may decide that you do not oppose an order affecting the Real Estate.

WHEREFORE, Everwise Credit Union moves the Court to enter an Order lifting the automatic stay and abandoning the Real Estate and granting such other relief as appropriate.

Respectfully submitted,

/s/ Michael A. Trippel
Michael A. Trippel, Esq. (#16537-71)
THORNE • GRODNIK, LLP
P.O. Box 1210
Mishawaka, Indiana 46546-1210
Attorney for Everwise Credit Union

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of November, 2026, the above and foregoing pleading was served by placing the same in a sealed envelope which was deposited in the United States mail, with sufficient first-class postage affixed thereto, and/or via electronic service, addressed to the following:

Mark S. Zuckerberg
filings@mszlaw.com

Sarah Fowler, Chapter 7 Trustee
trustee@bbrlawpc.com

Office of the U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Laura Lea Zabst
3002 Timber Valley Dr.
Kokomo, Indiana 46902

Richard J. LaCivita
bankruptcy@sottileandbarile.com

/s/ Michael A. Trippel
Michael A. Trippel, Esq. (#16537-71)

I further certify that on November 6, 2026, a copy of the foregoing Motion for Relief from Stay and Abandonment of Property was served upon the persons listed on the attached sheet by United States mail, postage prepaid.

/s/ Michael A. Trippel
Michael A. Trippel, Esq. (#16537-71)